**UNITED STATES of America**

v.

**Stella MILLAJ, a/k/a "Stellina Millaj," Defendant.**

**No. S 85 Cr. 90 (CBM).**

United States District Court,
S.D. New York.

Sept. 11, 1986.

Rudolph Giuliani, U.S. Atty., S.D.N.Y. by Jess T. Fardella, New York City, for the U.S.

DePetris, Meyer & Diesenhouse by Stanley M. Meyer, New York City, for defendant.

OPINION

MOTLEY, Chief Judge.

In July 1985, defendant, Stella Millaj, was convicted on all counts of a thirteen count indictment charging her with violations of the federal narcotics laws as well as with providing contraband to a federal inmate and making false statements to fed-

eral officers. In September 1985 the court sentenced defendant to five years each on counts one through three and to two years each on counts four through thirteen. These sentences were to run concurrently. In view of defendant's youth, her lack of prior criminal record, her supportive family, and the special circumstances of the crimes charged, the court suspended imposition of all sentences of imprisonment and defendant was placed on probation for five years. In addition, defendant was sentenced to a statutorily mandated term of special parole on count two. Finally, the court imposed $600 of special assessments as required by the applicable statutes.

■ The Government subsequently filed a Rule 35(a) motion to correct the sentence imposed on count 13, arguing that the court was without power to suspend defendant's sentence on count thirteen. Count thirteen of the indictment involved an offense committed by defendant while she was released on bail, i.e., making false statements on a visitor's pass at the Metropolitan Correctional Center, the federal prison in New York City. Because count thirteen had been committed while defendant was released on bail pursuant to the Bail Reform Act of 1984, the special enhancement penalties provided for by Congress in 18 U.S.C. Section 3147 for committing an offense while out on bail came into play. In defendant's case, this enhancement provision imposed a mandatory minimum two year term of imprisonment in addition to the penalty for the underlying offense. According to the statute, this enhancement term of imprisonment was to be imposed "consecutive to any other sentence of imprisonment." Because the act charged in count thirteen of defendant's indictment was the only offense committed subsequent to the passage of the Bail Reform Act of 1984, the enhancement provisions of 18 U.S.C. Section 3147 applied only to count thirteen.

■ The Government's motion to revise defendant's original sentence on count thirteen was held in abeyance pending the Second Circuit's decision in *United States v. Gloria Rodriguez*, 794 F.2d 24 (2d Cir. 1986) dealing squarely with the issue of a district court's power to suspend execution of a mandatory minimum sentence under 18 U.S.C. Section 3147. *United States v. Gloria Rodriguez*, decided on June 19, 1986, held unequivocally that a trial judge was without discretion to suspend a mandatory sentence imposed under 18 U.S.C. Section 3147.

■ In light of the decision in *Rodriguez* the court must now grant the Government's motion to correct its prior sentence. Accordingly, on count thirteen the court imposes an enhancement sentence of two years of actual incarceration. In addition, for the underlying offense named in count thirteen, violation of 18 U.S.C. Section 1001, that is, lying to a federal official, the court revises its previous sentence of a suspended term of two years imprisonment, to a term of one day actual incarceration. Furthermore, upon reviewing the sentences formerly imposed, the court has decided to revise in part defendant's sentence on count two. The additional mandatory special parole term on this count under 21 U.S.C. Section 841(b)(1)(B) is changed from six to three years. Because defendant must now serve actual terms of imprisonment on count 13, the court at this time imposes only the applicable mandatory minimum special parole term under this section, that is, three years.

■ Defendant's terms of actual incarceration are not to start running until after she has served the five years probation now imposed on counts one through twelve of the indictment. This unusual outcome is dictated by the language of 18 U.S.C. Section 3147, which reads as follows: "A term of imprisonment imposed pursuant to this section shall be *consecutive to* any other sentence of imprisonment." (emphasis added). On counts one through twelve defendant has been sentenced to various terms of imprisonment ranging from two to five years. These sentences are to run concurrently. These sentences have all been suspended, with defendant placed on five years probation. Defendant has been

advised by this court that if she violates any of the usual or special terms of her probation, she will be required to serve the five year sentence imposed on counts 1, 2, and 3.

That these sentences for counts one through twelve have been suspended makes them no less "sentence[s] of imprisonment" in the words of the 18 U.S.C. Section 3147 than if they had not been suspended. Indeed, this concluding provision of 18 U.S.C. Section 3147 does not read "consecutive to any other *term* of imprisonment served" but reads instead "consecutive to any other *sentence* of imprisonment." (emphasis added).

In sum, because the mandatory term of imprisonment under 18 U.S.C. Section 3147 is to be served consecutive to other sentences of imprisonment, defendant's two year term of incarceration under this section will not begin until five years and one day hence, that is, until the completion of defendant's sentences for counts one through twelve, and for the underlying offense named in count thirteen. In the event defendant violates the terms of her probation under counts one through twelve, she will of course be incarcerated. If this occurs, defendant will serve her term of two years and one day on count thirteen immediately following this first period of incarceration. Then, upon completion of her prison terms for counts one through thirteen, defendant will serve the mandatory three year special parole term on count two that has been imposed by the court.

An amended judgment and commitment order which includes the corrections and revisions set forth in this opinion has been signed and filed by the court on this date.